1  BURKE, WILLIAMS & SORENSEN, LLP
   Richard J. Reynolds, Bar No. 89911
2  E-mail:  rreynolds@bwslaw.com
   1851 East First Street
3  Suite 1550
   Santa Ana, CA  92705-4067
4  Telephone:    949.863.3363
   Facsimile:    949.863.3350
5
   Attorneys for Secured Creditor
6  BEATA KULISH

7

8                    UNITED STATES BANKRUPTCY COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        SANTA ANA DIVISION

11

12  In re:                              Case No.  8:19-bk-14085-CB

13  RHONDA MOYNIHAN,                    Chapter Number:  13

14                Debtor,               **DECLARATION OF RICHARD J.
                                        REYNOLDS IN SUPPORT OF
15                                      SUPPLEMENTAL OBJECTION TO
                                        CHAPTER 13 PLAN**
16
                                        Date:      February 5, 2020
17                                      Time:      10:00 a.m.
                                        Dept:      5D
18                                                 411 W. Fourth Street, 5th Floor
                                                   Santa Ana, CA 92701
19

20

21

22

23

24

25

26

27

28

IRV #4827-7010-7058 v1
07976-0003

- 1 -

DECLARATION OF RICHARD J. REYNOLDS
IN SUPPORT OF SUPPLEMENTAL
OBJECTION TO CHAPTER 13 PLAN

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

## DECLARATION OF RICHARD J. REYNOLDS

I, Richard J. Reynolds, say:

1.    I have personal knowledge of the facts stated herein, and if called as a witness, I could competently testify thereto.  I am a Partner of the law firm of Burke, Williams & Sorensen, LLC, attorneys for Secured Creditor Beata Kulish ("Secured Creditor") who holds a Note secured by First Deed of Trust against the Debtor's property.  This Declaration supplements the original objections filed by prior Counsel, Docket #45, filed 11/27/2019.

2.    Secured Creditor has filed a Proof of Claim in this case on December 19, 2019 as a Secured Creditor in the amount of $408,937.80 with an amount necessary to cure the default of being $33,937.80.  A true and correct copy of that Proof of Claim in attached and incorporated as **Exhibit 1**.

3.    A true and correct copy of the Debtor's Chapter 13 Plan filed October 30, 2019 is attached and incorporated as **Exhibit 2**.

4.    In connection with Secured Creditor's original objection [Docket #45] there was a two-page Exhibit "D" which was the Borrower's Final Settlement Statement.  Attached and incorporated as **Exhibit 3** for the Court's convenience is a true and correct copy of that document.  That shows amounts which were paid which directly benefitted Ms. Moynihan, the Debtor ("Debtor").  Those amounts add up to $68,517.20, which includes the payoff to Franchise Tax Board, the payoff to Employment Development Department, the payoff to Schools First Federal Credit Union, the second payoff to the Franchise Tax Board, and the payment of homeowner's insurance in the amount of $1,167.97.  All of these were directly for the benefit of the real property as well as Ms. Moynihan since her tax liens were paid off as was her first mortgage.  In addition, Ms. Moynihan has testified at various times that she received $100,000.00 from Katherine Rush.  He accepted the benefits of the transaction and any claim she would have would be with Ms. Rush.  The Escrow Statement shows that Katherine Rush received a net check of $273,873.43.  Therefore at a minimum, this Debtor has benefitted to the tune of $168,517.20, and

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4827-7010-7058 v1
07976-0003

- 2 -

**DECLARATION OF RICHARD J. REYNOLDS
IN SUPPORT OF SUPPLEMENTAL
OBJECTION TO CHAPTER 13 PLAN**

1    would be liable for that on a secured lien basis plus interest at the legal rate of 7%.  That assumes

2    that in any possible format that the secured claim can be modified to that extent.  Through an

3    adversary proceeding it is Secured Creditor's position that its lien and claim are valid.  It should

4    also be noted that the Promissory Note itself is all due and payable in July 2020.

5        5.    The Debtor's plan does not mathematically add up, as it provides for a total plan

6    length of 60 months for $99,000.00, yet there was no reference to $99,000.00 in payments.  On

7    that basis alone, the Confirmation must be denied.  The Debtor's plan lists Olympia Financial

8    Mortgage Inc., who is simply the loan broker and not the lender and that shows no cure of default

9    under Class 4.  It also indicates that Debtor would make the monthly payments, which are not

10   happening.  Finally, the Plan Payment Summary on Pages 11 and 12 do not add up since the total

11   payment is supposed to be $99,000.00 but the math that is listed there is slightly over $12,000.00

12   excluding the Trustee's fee.  The Debtor also does not reference any attempt to set aside Secured

13   Creditor's lien.

14        I declare, under penalty of perjury that the foregoing is true and correct.  Executed this

15   17th day of January, 2020, at Santa Ana, CA.

16

17                                RICHARD J. REYNOLDS

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SANTA ANA

IRV #4827-7010-7058 v1
07976-0003

**DECLARATION OF RICHARD J. REYNOLDS
IN SUPPORT OF SUPPLEMENTAL
OBJECTION TO CHAPTER 13 PLAN**

# EXHIBIT 1

# EXHIBIT 1

| Fill in this information to identify the case: |
| --- |

Debtor 1    RHONDA MOYNIHAN

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number  8:19-bk-14085-CB

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Beata Kulish
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☒ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Beata Kulish c/o Burke, Williams & Sorensen, LLP
Name
1851 East First Street, Suite 1550
Number    Street
Santa Ana    CA    92705
City    State    ZIP Code

Contact phone  949-863-3363

Contact email

Where should payments to the creditor be sent? (if different)

Name

Number    Street

City    State    ZIP Code

Contact phone

Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☒ No
☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No
☐ Yes. Who made the earlier filing? _____

Official Form 410    Proof of Claim    page 1

American LegalNet, Inc.
www.FormsWorkFlow.com

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: __B243__

**7. How much is the claim?** $ __408,937.80__ . **Does this amount include interest or other charges?**

☐ No

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

__Money Loaned__

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.

**Nature of property:**

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** __Deed of Trust__

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $ __550,000.00__

**Amount of the claim that is secured:** $ __408,937.80__

**Amount of the claim that is unsecured:** $ __0.00__ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ __33,937.80__

**Annual Interest Rate** (when case was filed) __10.50__ %

☒ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☒ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.    $ _____

**11. Is this claim subject to a right of setoff?**

☒ No

☐ Yes. Identify the property: _____

American LegalNet, Inc.
www.FormsWorkFlow.com

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

## Part 3:    Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it.** FRBP 9011(b). | *Check the appropriate box:* |
| | ☐ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☒ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157, and 3571. | I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date  12/18/19
_____
MM / DD / YYYY

_Richard J. Reynolds_
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Richard J. Reynolds |
| | First name         Middle name         Last name |
| Title | Attorney for Secured Creditor |
| Company | Beata Kulish |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 1851    East First Street, Suite 1550 |
| | Number    Street |
| | Santa Ana                CA        92705 |
| | City                          State      ZIP Code |
| Contact phone | 949-863-3363              Email    rreynolds@bwslaw.com |


American LegalNet, Inc.
www.FormsWorkFlow.com

Case 8:19-bk-14085-CB    Claim 2    Filed 12/19/19    Desc Main Document    Page 4 of 28

# Mortgage Proof of Claim Attachment

(12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| | |
|---|---|
| Case number: | 8:19-bk-14085-CB |
| Debtor 1: | RHONDA MOYNIHAN |
| Debtor 2: | |
| Last 4 digits to identify: | B  2  4  3 |
| Creditor: | Beata Kulish |
| Servicer: | N/A |
| Fixed accrual/daily simple interest/other: | Fixed Accrual |

## Part 2: Total Debt Calculation

| | |
|---|---|
| Principal balance: | 375,000.00 |
| Interest due: | 26,337.14 |
| Fees, costs due: | 7,654.70 |
| Escrow deficiency for funds advanced: | 0.00 |
| Less total funds on hand: - | 84.34 |
| Total debt: | 408,973.80 |

## Part 3: Arrearage as of Date of the Petition

| | |
|---|---|
| Principal & interest due: | 34,022.14 |
| Prepetition fees due: | 7,684.70 |
| Escrow deficiency for funds advanced: | 0.00 |
| Projected escrow shortage: | 0.00 |
| Less funds on hand: - | 84.34 |
| Total prepetition arrearage: | 33,937.80 |

## Part 4: Monthly Mortgage Payment

| | |
|---|---|
| Principal & interest: | 3,434.38 |
| Monthly escrow: | 0.00 |
| Private mortgage insurance: | 0.00 |
| Total monthly payment: | 3,434.38 |

## Part 5 : Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | C. Funds received | D. Amount incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/01/19 | 3,434.35 | 0.00 | 3,434.35 | Monthly Payment | 04/01/19 | 3,434.35 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 04/01/19 | 0.00 | 0.00 | 328.14 | Late Charge | 04/01/19 | 3,762.49 | 0.00 | 0.00 | 0.00 | 328.14 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 05/01/19 | 3,434.35 | 0.00 | 3,434.35 | Monthly Payment | 04/01/19 | 7,196.84 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 05/01/19 | 0.00 | 0.00 | 328.14 | Late Charge | 04/01/19 | 7,524.98 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 06/01/19 | 3,434.35 | 0.00 | 3,434.35 | Monthly Payment | 04/01/19 | 10,959.33 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 06/01/19 | 0.00 | 0.00 | 328.14 | Late Charge | 04/01/19 | 11,287.47 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 07/01/19 | 3,434.35 | 0.00 | 3,434.35 | Monthly Payment | 04/01/19 | 14,721.82 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 07/01/19 | 0.00 | 0.00 | 328.14 | Late Charge | 04/01/19 | 15,049.96 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 08/01/19 | 3,434.35 | 0.00 | 3,434.35 | Monthly Payment | 04/01/19 | 18,484.31 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 08/01/19 | 0.00 | 0.00 | 328.14 | Late Charge | 04/01/19 | 18,812.45 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |
| 09/01/19 | 3,434.35 | 0.00 | 3,434.35 | Monthly Payment | 04/01/19 | 22,246.80 | 0.00 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 0.00 | 84.34 |

Official Form 410A                    Mortgage Proof of Claim Attachment

American LegalNet, Inc.
www.FormsWorkFlow.com

Case 8:19-bk-14085-CB    Claim 2    Filed 12/19/19    Desc Main Document    Page 5 of 28

| Date | | | Description | Date | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/01/19 | 0.00 | 328.14 | Late Charge | 04/01/19 | 22,574.94 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 84.34 |
| 09/18/19 | 0.00 | 7,684.70 | Foreclosure Fees | 04/01/19 | 30,259.64 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 84.34 |
| 10/01/19 | 3,434.35 | 3,434.35 | Monthly Payment | 04/01/19 | 33,693.99 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 84.34 |
| 10/01/19 | 0.00 | 328.14 | Late Charge | Late Charge | 34,022.14 | 0.00 | 0.00 | 0.00 | 84.34 | 375,000.00 | 0.00 | 0.00 | 84.34 |

Official Form 410A

**Mortgage Proof of Claim Attachment**

American LegalNet, Inc.
www.FormsWorkFlow.com

Case Number:  8:19-bk-14085-CB
Debtor:  Rhonda Moynihan


    The Claim is comprised of the Principal Balance of $375,000.00, interest, late charges of $328.14 per month for April 2019 through October 15, 2019 and prepetition Foreclosure fees of $7,684.70.  First payment missed was April 1, 2019.  Note is due July 2020.

# PROMISSORY NOTE

(Interest Only-Balloon Payment)

Borrower:      Katherine Rush, an unmarried woman

Lender:       .    Beata Kulish

Principal Amount: $375,00.00                    "Date of Note:" July  7  , 2018

**PROMISE TO PAY.** Katherine Rush, an unmarried woman ("Borrower") promises to pay to **Beata Kulish** ("Lender") or order, in lawful money of the United States of America, the principal amount of **THREE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($375,000.00)** (which principal amount will be subject to additions to principal as explained further herein) together with interest at the Agreed Rate (as defined herein below) on the unpaid principal balance from the Date of Note until paid in full on Maturity Date, July _____ 2020. This Note evidences a loan made by Lender to Borrower pursuant to a Loan Agreement of even date herewith. Capitalized terms in the Promissory Note not defined herein shall have the meanings given such terms in the Loan Agreement.

**AGREED INTEREST RATE, FIXED.**   The interest rate on this Note (the "Agreed Rate"), is ten and one-half percent (10.50 %) per annum. Under no circumstances will the interest rate on this Note be more than the maximum rate allowed by applicable law.

**PAYMENT, ADDITIONS TO PRINCIPAL.** Borrower shall pay this loan in accordance with the attached payment schedule. Borrower agrees to prepay the interest due on this Note from the date of funding through July 31, 2018 at the rate of One Hundred Nine Dollars and Thirty-Eight Cents ($109.38) per diem which shall be paid to Lender at the close of escrow of this loan. Thereafter, during the term of this loan, absent acceleration of this Note as provided for in this Note, Borrower shall make monthly installments of interest only in an amount not less than Three Thousand Two Hundred Eighty-One Dollars and Twenty-Five Cents ($3,281.25) commencing on September 1, 2018 and continuing on the first (1st) day of each and every month ("Due Date") thereafter during the term of this Loan until all sums due are paid in full.

Notwithstanding anything to the contrary, interest will continue to accrue on the outstanding principal balance from the funding date. All unpaid principal and accrued but unpaid interest shall be due and payable on July _____, 2020 (the "Maturity Date"). Under no circumstances will lender grant any extension to the Maturity Date.

**This Promissory Note is secured by a First Deed of Trust and other security agreements.** Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest, then to any late charges, then to any unpaid collection costs and then to principal. Interest on this Note is computed monthly by applying the annual interest rate divided by twelve (12) and daily on the basis of a 360-day year. Borrower will pay Lender at Lender's address or at such other place as Lender may designate in writing.

1

**PREPAYMENT PENALTY.**    Borrower shall have the right to prepay all or any part of the outstanding principal balance of this Note, together with interest accrued thereon through the date of prepayment, at any time, provided, however, that if the interest on the Loan paid and / or accrued through the date of repayment is less than twelve (12) months interest hereunder (such shortfall being referred to as the "Minimum Interest Shortfall"), Borrower shall pay a prepayment penalty equal to the Minimum Interest Shortfall.

Payment on foreclosure or deed of trust sale shall be deemed a prepayment.  Borrower agrees not to send Lender payments marked "paid in full," "without recourse," or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note and Borrower will remain obligated to pay any further amount owed to Lender.

**LATE CHARGE.** If a monthly interest payment is ten (10) days or more late after Due Date, and any notice which may be required by law has been given, in view of the difficulty of determining the exact amount of damages, Borrower shall pay a service fee of 10.00% of the unpaid portion of the monthly interest payment to Lender. If the principal and interest payment due at the Maturity Date (balloon payment) for which there is no cure period is late, in view of the difficulty of determining the exact amount of damages, Borrower shall pay a service fee of 10.00% of the unpaid balance or the maximum amount allowed by California law.  Under no circumstances shall the late charges be more than the maximum rate allowed by law.

**Borrower's Agreements.**    Borrower acknowledges that it would be extremely difficult or impracticable to determine Lender's actual damages resulting from any late payment or default, and such late charges do not constitute a penalty, Borrower further acknowledges that Lender's losses include, without limitation, the ability to invest amounts then due at the current rate of return and the unavailability of liquid funds. Borrower agrees that the Default Rate represents a reasonable sum considering all of the circumstances existing on the date of the execution of this Note and represents a reasonable estimate of the losses Lender will incur by reason of any late payment. Borrower further agrees that proof of actual losses would be costly, inconvenient, impracticable, and extremely difficult to fix. Acceptance of the interest at the Default Rate shall not constitute a waiver of any default with respect to the overdue payment and shall not prevent Lender from exercising any of the other rights and remedies available under this Note or any Loan Document. The remedies of Lender in this Note or in the Loan Documents, or at law or in equity, shall be cumulative and concurrent, and may be pursued singly, successively, or together, in Lender's discretion.

**DEFAULT INTEREST RATE.** So long as any Event of Default exists hereunder or under any other Document, regardless of whether or not there has been an acceleration of the indebtedness evidenced hereby, and at all times after maturity of the indebtedness evidenced hereby (whether by acceleration or otherwise), interest shall accrue on the outstanding principal balance of this Note, from the date due until the date credited, at a rate per annum equal to One Hundred percent (100%) in excess of the Rate, or if such increased rate of interest may not be collected under applicable law, (as applicable), then at the maximum rate of interest, if any, which may be collected from Borrower under applicable law (as applicable, the "Default Interest Rate"), and such default interest shall be immediately due and payable.

2

The interest rate shall not return to the Agreed Interest Rate until Borrower has cured the default in full, including the payment of any Late Charge, other charges called for in this Promissory Note, the Loan Agreement and interest at the Default Rate.

**DEFAULT.** Each of the following shall constitute an event of default (Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note; including, but not limited to, all principal and accrued interest due on the Maturity Note.

**Other Defaults in Obligations to Lender.** Borrower fails to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or in any other agreement between Lender and Borrower.

**Event of Default Under Related Documents.** A default or event of default occurs under the terms of any promissory note, deed of trust, loan agreement, guaranty, pledge agreement, security agreement or other agreement ("Related Documents").

**Default In Favor of Third Parties.** Borrower or any guarantor defaults in favor of any other creditor or person under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement that may materially affect any of the Secured Property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the Loan Documents.

**Judgment.** The entry of a judgment against any Borrower or guarantor, pledgor, accommodation party or other obligor which Lender deems, in Lender's sole discretion, to be of a material nature.

**False Statement.** Any statement, representation or warranty which Borrower makes to Lender or is made on Borrower's behalf with respect to this Note or the Loan Documents as defined in the Trust Deed of even date as "Related Documents" is false or misleading in any material respect either when made or at any time thereafter. Borrower shall promptly disclose circumstances which make the statement false or misleading.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any of the secured property including, for example, a garnishment of any of Borrower's accounts with Lender or others. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and Borrower gives Lender written notice of the proceeding and deposits with Lender monies or a surety bond in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

3

**Events Affecting Guarantor.** Any of the preceding events of default occur with respect to any guarantor, endorser, surety or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is substantially impaired or Lender, in good faith, believes itself insecure.

**Resignation/Withdrawal.** The resignation or withdrawal of any partner, member or material owner of Borrower or of any guarantor, pledgor, accommodation party or other obligor, as determined by Lender in its sole discretion.

**Death or Insolvency.** The death of Borrower or, if Borrower is an entity, the dissolution or the termination of its right to do business or the cessation of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout or the commencement by Borrower of any proceeding under any bankruptcy or insolvency laws or the commencement of such proceedings by a creditor not dismissed within sixty (60) days.

**USE OF PROCEEDS.** Loan proceeds are intended to be used primarily for business and commercial purposes and are not intended to be used for personal, family, or household purposes or in any manner which may result in the loan transaction not being exempt from Truth in Lending Act (TILA), 15 U.S.C.A. § 1602(h) or any similar or applicable consumer lending laws.

**LENDER'S RIGHTS.** Upon default, Lender may, in addition to other rights, declare the entire unpaid principal balance on this Note and all accrued, unpaid interest and all Fees provided in the Loan Agreement immediately due and payable.

**WAIVER.** No previous waiver or failure or delay be Lender in acting with respect to the terms of this Note, Deed of Trust, or the other Loan Documents shall constitute a waiver of any breach, default, or failure of condition under this Note, the Deed of Trust, or the other Loan Documents. A waiver of any term of this Note, the Deed of Trust, or the other Loan Documents must be made in writing and will be limited to the express written terms of the waiver. If there are any inconsistencies between the terms of this Note and the terms of any of the other Loan Documents, the terms of this Note will prevail.

**BORROWER TO PAY COSTS AND ATTORNEYS' FEES.** Lender may hire or pay a third party to enforce the terms of and/or help collect amounts due under, this Note. Borrower shall pay Lender all such costs and expenses. Such costs and expenses include, without limitation, all costs including, without limitation, attorney's fees, incurred by Lender in enforcing payment, whether or not suit is filed, and including, without limitation, all costs, attorneys' fees and expenses incurred by Lender in connection with any bankruptcy, reorganization, arrangement, or other similar proceedings, involving the undersigned that in any way affects the exercise by the holder of this Note of its rights and remedies under this Note.

4

Borrower will pay to Lender all such costs and expenses, including attorney's fees, and other costs referred to in this Section upon demand, together with interest from the date of the demand at the Default Rate until paid in full.

**BALLOON PAYMENT.** THIS PROMISSORY NOTE IS SUBJECT TO SECTION 2924i OF THE CALIFORNIA *CIVIL CODE* WHICH PROVIDES THAT THE HOLDER OF THIS NOTE SECURED BY A DEED OF TRUST SHALL GIVE WRITTEN NOTICE TO THE MAKER OF THE NOTE, OR HIS/HER SUCCESSOR-IN-INTEREST, OF PRESCRIBED INFORMATION AT LEAST NINETY (90) DAYS AND NOT MORE THAN ONE HUNDRED FIFTY (150) DAYS BEFORE THE DATE ON OR BEFORE WHICH THE FINAL PAYMENT IS DUE.

**MAXIMUM CHARGES.** If a law which applies to this Note and which sets maximum loan charges is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limit, then any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit.

**SEVERABILITY.** If any provision of this Promissory Note should be held to be unenforceable or void, then such provisions shall be deemed separable from the remaining provisions and shall no way affect the validity of this Promissory Note.

**GOVERNING LAW.** This Note will be governed by the laws of the State of California without regard to its conflict of law provisions; Lender may commence an action in the State of California, or where Lender is located and has accepted this Promissory Note.

**CHOICE OF VENUE.** If there is a lawsuit or any court proceedings, Borrower agrees, upon Lender's request, to submit to the jurisdiction of the courts of Los Angeles County in the State of California.

**ASSIGNMENT.** Lender may sell or offer to sell this Note, together with any and all documents guaranteeing, securing or otherwise relating to this Note, to one or more assignees without notice to or consent of Borrower. Lender is authorized to share any information it has pertaining to the loan evidenced by this Note, including without limitation credit information on the undersigned, any of its principals, or any guarantors of this Note, to any such assignee or prospective assignee.

**ADDRESS FOR NOTICES.** Any notice or communication permitted or required under this Note, shall be given in writing to Borrower at the address stated in this Note and shall be effective: a) when actually delivered, b) when actually transmitted to the fax number stated in this Note (if any), c) one business day after deposit with a nationally recognized overnight courier, or d) three business days after deposit in the United States mail, first class, certified or registered mail postage prepaid, to Lender at the address set forth below. Any party may change its address for notices under this Note by giving formal written notice to the other parties. Borrower agrees to keep Lender informed at all times of Borrower's current address. Unless otherwise provided or required by law, if there is more than one Borrower, any notice given by Lender to any Borrower is deemed to be notice given to all Borrowers. Notwithstanding anything to the contrary herein all notices and communications to the Lender shall be directed to the following address:

Lender:      Beata Kulish
              c/o Olympia Financial Mortgage, Inc.
              16633 Ventura Boulevard, Suite 1050
              Encino, California 91436

Borrower:   Katherine Rush
              41168 Breckin Court
              Murrieta, California 92562

**JOINT AND SEVERAL LIABILITY.** If this Note is executed by more than one person or entity as Borrower, the obligations of each person or entity will be joint and several. No person or entity will be a mere accommodation maker, but each will be primarily and directly liable. Borrower waives presentment; demand; notice of dishonor; notice of default or delinquency; notice of acceleration; notice of protest and nonpayment; notice of costs, expenses, or losses and interest; notice of interest on interest and late charges; and diligence in taking any action to collect any sums owing under this Note or in proceeding against any of the rights or interests to properties securing payment of this Note. Time is of the essence with respect to every provision of this Note.

**SUCCESSOR IN INTEREST.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**USURY SAVINGS PROVISION.** Lender does not intend to contract for, charge or receive any interest or other charge which is usurious, and by execution of this Note, Borrower acknowledges that Lender has no such intent. All agreements between Borrower and Lender, whether now existing or hereafter arising and whether written or oral, are hereby expressly limited so that in no event, whether by reason of acceleration of the maturity hereof, or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of the money to be loaned hereunder or otherwise or for the payment or performance of any covenant or obligation contained herein or in any other document evidencing, securing or pertaining to the indebtedness evidenced hereby, exceed the maximum amount permissible under applicable law. If from any circumstance whatsoever fulfillment of any provision hereof or other documents, at the time performance of such provision shall be due, shall exceed the maximum amount prescribed by law, then, ipso facto, the obligations to be fulfilled shall be reduced to the limit of such validity, and if from any such circumstance Lender shall ever receive as interest or otherwise an amount which would exceed the highest lawful rate, such amount which would be excessive interest shall be applied to reduce the principal amount owing hereunder or on account of any other principal indebtedness of Borrower to Lender and to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal hereof and such other indebtedness, such excess shall be refunded to Borrower. All sums paid or agreed to be paid to Lender for the use, forbearance or detention of the indebtedness of Borrower to Lender shall, to the extent permitted by applicable law, be amortized, prorated, allocated and

6

spread throughout the full term of such indebtedness until payment in full so that the actual rate of interest on account of such indebtedness does not exceed the maximum permitted by applicable law.

**THIS LOAN WAS ARRANGED BY A LICENSED CALIFORNIA REAL ESTATE BROKER,** OLYMPIA FINANCIAL MORTGAGE, INC., CA BRE NUMBER 08135402

BORROWER:    *Katherine Rush, an unmarried woman*

Katherine Rush, an unmarried woman

Date signed: July 7, 2018

7

## SCHEDULE OF PAYMENTS TO PROMISSORY NOTE

Borrower:    Katherine Rush, an unmarried woman
Lender:      Beata Kulish

Principal Amount: $375,000.00                          "Date of Note:" July ___7___, 2018

Principal Balance as of July __7__, 2018:                          $375,000.00

Prepaid Interest from the date of funding through July 31, 2018
at the rate of $109.38 per diem:                     $_____

Loan Servicing Fee from the date of funding through July 31, 2018
at the rate of $5.10 per diem:                       $_____


Principal Balance as of August 1, 2018:                           $375,000.00
Accrued Interest for August 1, 2018 to August 31, 2018:     $3,281.25
Loan Servicing Fee for August 1, 2018 to August 31, 2018:   $153.13
Total Payment due September 1, 2018:                        $3,434.38

Principal Balance as of September 1, 2018:                         $375,000.00
Accrued Interest for September 1, 2018 to September 30, 2018:  $3,281.25
Loan Servicing Fee for September 1, 2018 to September 30, 2018: $153.13
Total Payment due October 1, 2018:                          $3,434.38

Principal Balance as of October 1, 2018:                          $375,000.00
Accrued Interest for October 1, 2018 to October 31, 2018:   $3,281.25
Loan Servicing Fee for October 1, 2018 to October 31, 2018: $153.13
Total Payment due November 1, 2018:                         $3,434.38

Principal Balance as of November 1, 2018:                         $375,000.00
Accrued Interest for November 1, 2018 to November 30, 2018: $3,281.25
Loan Servicing Fee for November 1, 2018 to November 30, 2018: $153.13
Total Payment due December 1, 2018:                         $3,434.38

Principal Balance as of December 1, 2018:                         $375,000.00
Accrued Interest for December 1, 2018 to December 31, 2018: $3,281.25
Loan Servicing Fee for December 1, 2018 to December 31, 2018: $153.13
Total Payment due January 1, 2019:                          $3,434.38

Principal Balance as of January 1, 2019:                          $375,000.00
Accrued Interest for January 1, 2019 to January 31, 2019:   $3,281.25
Loan Servicing Fee for January 1, 2019 to January 31, 2019: $153.13
Total Payment due February 1, 2019:                         $3,434.38

Borrower's Initials

8

Principal Balance as of February 1, 2019:                                                    $375,000.00
Accrued Interest for February 1, 2019 to February 28, 2019:    $3,281.25
Loan Servicing Fee for February 1, 2019 to February 28, 2019:    $153.13
Total Payment due March 1, 2019:    $3,434.38

Principal Balance as of March 1, 2019:                                                       $375,000.00
Accrued Interest for March 1, 2019 to March 31, 2019:    $3,281.25
Loan Servicing Fee for March 1, 2019 to March 31, 2019:    $153.13
Total Payment due April 1, 2019:    $3,434.38

Principal Balance as of April 1, 2019:                                                       $375,000.00
Accrued Interest for April 1, 2019 to April 30, 2019:    $3,281.25
Loan Servicing Fee for April 1, 2019 to April 30, 2019:    $153.13
Total Payment due May 1, 2019:    $3,434.38

Principal Balance as of May 1, 2019:                                                         $375,000.00
Accrued Interest for May 1, 2019 to May 31, 2019:    $3,281.25
Loan Servicing Fee for May 1, 2019 to May 31, 2019:    $153.13
Total Payment due June 1, 2019:    $3,434.38

Principal Balance as of June 1, 2019:                                                        $375,000.00
Accrued Interest for June 1, 2019 to June 30, 2019:    $3,281.25
Loan Servicing Fee for June 1, 2019 to June 30, 2019:    $153.13
Total Payment due July 1, 2019:    $3,434.38

Principal Balance as of August 1, 2019:                                                      $375,000.00
Accrued Interest for August 1, 2019 to August 31, 2019:    $3,281.25
Loan Servicing Fee for August 1, 2019 to August 31, 2019:    $153.13
Total Payment due September 1, 2019:    $3,434.38

Principal Balance as of September 1, 2019:                                                   $375,000.00
Accrued Interest for September 1, 2019 to September 30, 2019:    $3,281.25
Loan Servicing Fee for September 1, 2019 to September 30, 2019:    $153.13
Total Payment due October 1, 2019:    $3,434.38

Principal Balance as of October 1, 2019:                                                     $375,000.00
Accrued Interest for October 1, 2019 to October 31, 2019:    $3,281.25
Loan Servicing Fee for October 1, 2019 to October 31, 2019:    $153.13
Total Payment due November 1, 2019:    $3,434.38

Principal Balance as of November 1, 2019:                                                    $375,000.00
Accrued Interest for November 1, 2019 to November 30, 2019:    $3,281.25
Loan Servicing Fee for November 1, 2019 to November 30, 2019:    $153.13
Total Payment due December 1, 2019:    $3,434.38

Principal Balance as of December 1, 2019:                                                    $375,000.00
Accrued Interest for December 1, 2019 to December 31, 2019:    $3,281.25
Loan Servicing Fee for December 1, 2019 to December 31, 2019:    $153.13
Total Payment due January 1, 2020:    $3,434.38

KR
Borrower's Initials

| | | |
|---|---|---|
| Principal Balance as of January 1, 2020: | | $375,000.00 |
| Accrued Interest for January 1, 2020 to January 31, 2020: | $3,281.25 | |
| Loan Servicing Fee for January 1, 2020 to January 31, 2020: | $153.13 | |
| Total Payment due February 1, 2020: | $3,434.38 | |
| | | |
| Principal Balance as of February 1, 2020: | | $375,000.00 |
| Accrued Interest for February 1, 2020 to February 28, 2020: | $3,281.25 | |
| Loan Servicing Fee for February 1, 2020 to February 28, 2020: | $153.13 | |
| Total Payment due March 1, 2020: | $3,434.38 | |
| | | |
| Principal Balance as of March 1, 2020: | | $375,000.00 |
| Accrued Interest for March 1, 2020 to March 31, 2020: | $3,281.25 | |
| Loan Servicing Fee for March 1, 2020 to March 31, 2020: | $153.13 | |
| Total Payment due April 1, 2020: | $3,434.38 | |
| | | |
| Principal Balance as of April 1, 2020: | | $375,000.00 |
| Accrued Interest for April 1, 2020 to April 30, 2020: | $3,281.25 | |
| Loan Servicing Fee for April 1, 2020 to April 30, 2020: | $153.13 | |
| Total Payment due May 1, 2020: | $3,434.38 | |
| | | |
| Principal Balance as of May 1, 2020: | | $375,000.00 |
| Accrued Interest for May 1, 2020 to May 31, 2020: | $3,281.25 | |
| Loan Servicing Fee for May 1, 2020 to May 31, 2020: | $153.13 | |
| Total Payment due June 1, 2020: | $3,434.38 | |
| | | |
| Principal Balance as of June 1, 2020: | | $375,000.00 |
| Accrued Interest for June 1, 2020 to June 30, 2020: | $3,281.25 | |
| Loan Servicing Fee for June 1, 2020 to June 30, 2020: | $153.13 | |
| Total Payment due July 1, 2020: | $3,434.38 | |

Accrued Interest from July 1, 2020 through July _____, 2020:              $_____

Loan Servicing Fee for July 1, 2020 through July _____, 2020:              $_____

Principal and Unpaid Interest due July ____, 2020:                         $375,000.00
                                                                          And all unpaid but accrued
                                                                          interest

Borrower:    *Katherine Rush, an unmarried woman*

*Katherine Rush*
Katherine Rush, an unmarried woman

Dated: July 7, 208

10

**LOAN AGREEMENT**

$375,000.00                        Los Angeles, California as of July ⁷ , 2018

    This Loan Agreement is made as of July ⁷ , 2018, by and between Beata Kulish ("Lender") on the one hand, and Katherine Rush, an unmarried woman, on the other hand ("Borrower") with reference to the following facts:

A.    Borrower has requested Lender to lend to the Borrower money the proceeds of which Borrower presently intends will be used solely and exclusively by Borrower for commercial and/or investment purposes.

B.    Lender has agreed to make a loan (the "Loan") to Borrower in the principal amount of Three Hundred Seventy-Five Thousand Dollars ($375,000.00) (the "Loan Amount"), which Loan will be evidenced by a Secured Promissory Note executed concurrently herewith (the "Note").

C.    The Note will be secured by, among other things, a First Deed of Trust (the "Deed of Trust") encumbering the following improved real properties: Real property located at 2500 East Sandalwood Court, Anaheim, California 92806, said property being more particularly described on Exhibit "A" attached hereto. The First Deed of Trust shall be senior to any and all other liens other than taxes not yet a lien on the Land.

The Note, Deed of Trust, Loan Agreement and all other documents evidencing or securing the Loan will be hereinafter referred to as the "Loan Documents." Any capitalized term not specifically defined herein shall have the meaning assigned to it in the Deed of Trust, said property being more particularly described on Exhibit "A" attached hereto (the "Land"), and the improvements (the "Improvements") located thereon. The Land and the Improvements will be hereinafter referred to as the "Properties".

NOW, THEREFORE, in consideration of the foregoing premises and other good and valuable consideration receipt of which is hereby acknowledged, the parties hereto, hereby agree as follows:

## ARTICLE 1 - COVENANTS OF BORROWER.

1.1    Title to Properties. Borrower warrants and covenants that she holds title to the properties at the close of escrow with no liens or encumbrances against the Properties except as disclosed in the Preliminary Title Report of Fidelity National Title Company dated June 7, 2018.

1.2    Delinquent Property Taxes. Borrower warrants and covenants that she shall pay all delinquent property taxes, due or past due, including penalties and interest on the Properties from the proceeds of this Loan and through the Loan escrow.

Page 1 of 13

# Fidelity-Sherman Oaks

| | |
|---|---|
| **Recording Requested By**<br><br>Katherine Rush, an unmarried woman<br><br><br>**When Recorded Mail To**<br><br>Beata Kulish<br>c/o Olympia Financial Mortgage, Inc.<br>16633 Ventura Boulevard, Suite 1050<br>Encino, California 91436<br><br>Title Order No. 00200316-994-VNO-CH<br>APN No.: 268-241-78 | Recorded in O____ ____al Records, Orange County<br>Hugh Nguyen, Clerk-Recorder<br><br>‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 192.00<br>* $ R 0 0 1 0 2 3 3 7 7 8 $ *<br>**2018000266568** 2:06 pm 07/20/18<br>90 SC5 D11 A36  9<br>0.00 0.00 0.00 0.00 24.00 0.00 0.000.00150.00 6.00 |

Space above this line for recorder's use

## DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this 7 day of July, 2018, among the Trustor, Katherine Rush, an unmarried woman, (referred to in this deed of trust sometimes as "Borrower" and sometimes as "Trustor"), Fidelity National Title Company (referred to in this Deed of Trust as "Trustee"), and the Beneficiary, Beata Kulish (referred to in this Deed of Trust sometimes as "Lender" and sometimes as "Beneficiary"), with respect to properties (referred to as the "Property") located at **2500 East Sandalwood Court, Anaheim, California 92806** ( "the Property Addresses").

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor conveys to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary:

All of Trustor's right, title and interest in and to the following described real property, See Exhibit A which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein commonly known as and by the address 2500 East Sandalwood Court, Anaheim, California 92806; and

TOGETHER WITH all existing or subsequently erected or affixed buildings, improvements and fixtures; other improvements now or hereafter erected on the Property including, without limitation, fixtures, attachments, appliances, equipment, machinery, and other personal property attached to such buildings and other improvements (the "Improvements"), all of which shall be deemed and construed to be a part of the real property; all interests, estates or other claims, both in law and in equity, which Trustor now has or may hereafter acquire in the Property or the Improvements; all easements, rights of way, and appurtenances; all leasehold estate, right, title and interest of Trustor in and to all leases or subleases covering the Property or the Improvements or any portion thereof now or hereafter existing or entered into, and all right, title and interest of Trustor thereunder including, without limitation, all rights of Trustor against guarantors thereof, all cash or security deposits, advance rentals, and deposits or payments of similar nature (collectively, the "Leases") all water and water rights flowing through, belonging or in any way appertaining to the Real Property; all rights (but none of the duties) of Trustor as declarant under any presently recorded declaration of covenants, restrictions and restrictions affecting real property and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters; all proceeds of the foregoing, (collectively, the "Real Property" or "Property").

**INDEBTEDNESS.** This Deed of Trust secures the indebtedness made pursuant to a Loan Agreement of even date between Trustor and Beneficiary (the "Loan Agreement"), and evidenced by a Promissory Note in the principal amount of **THREE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($375,000.00)** of even date including, without limitation, amounts due under this Deed of Trust, together with the payment of all other sums becoming due and payable to Beneficiary under the documents and instruments evidencing or securing the indebtedness (this Deed of Trust, the Loan Agreement, the Environmental Certificate and Indemnity Agreement and the Promissory Note shall be referred to collectively as the "Loan Documents"), and the performance of all covenants and obligations of Trustor under the Loan Documents, payment of all other obligations owed by the Trustor to Beneficiary that by their terms recite that they are secured by this Deed of Trust, and all modifications, extensions and renewals of any of the obligations secured hereby, however evidenced ("Indebtedness").

**ASSIGNMENT.** Trustor presently assigns to Lender (also known as Beneficiary) all of Trustor's right, title and interest in and to all present and future leases of the Property and all Rents from the Property including all cash or security deposits, advance rentals, percentage rentals and deposits or payments of similar nature. In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

Page 1 of 9

**Fidelity-Sherman O⸍'s**

| | |
|---|---|
| **Recording Requested By** | |
| | |
| Katherine Rush, an unmarried woman | |
| | |
| **When Recorded Mail To** | |
| | |
| Beata Kulish | |
| c/o Olympia Financial Mortgage, Inc. | |
| 16633 Ventura Boulevard, Suite 1050 | |
| Encino, California 91436 | |
| | |
| Title Order No. 00200316-994-VNO-CH | |
| APN No.: 268-241-78 | |

Space above this line for recorder's use

## DEED OF TRUST AND ASSIGNMENT OF RENTS

This Deed of Trust, made this **7** day of July, 2018, among the Trustor, **Katherine Rush, an unmarried woman**, (referred to in this deed of trust sometimes as "Borrower" and sometimes as "Trustor"), **Fidelity National Title Company** (referred to in this Deed of Trust as "Trustee"), and the Beneficiary, **Beata Kulish** (referred to in this Deed of Trust sometimes as "Lender" and sometimes as "Beneficiary"), with respect to properties (referred to as the "Property") located at **2500 East Sandalwood Court, Anaheim, California 92806** ( "the Property Addresses").

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor conveys to Trustee in trust, with power of sale, for the benefit of Lender as Beneficiary:

All of Trustor's right, title and interest in and to the following described real property, See Exhibit A which is attached to this Deed of Trust and made a part of this Deed of Trust as if fully set forth herein commonly known as and by the address 2500 East Sandalwood Court, Anaheim, California 92806; and

TOGETHER WITH all existing or subsequently erected or affixed buildings, improvements and fixtures; other improvements now or hereafter erected on the Property including, without limitation, fixtures, attachments, appliances, equipment, machinery, and other personal property attached to such buildings and other improvements (the "Improvements"), all of which shall be deemed and construed to be a part of the real property; all interests, estates or other claims, both in law and in equity, which Trustor now has or may hereafter acquire in the Property or the Improvements; all easements, rights of way, and appurtenances; all leasehold estate, right, title and interest of Trustor in and to all leases or subleases covering the Property or the Improvements or any portion thereof now or hereafter existing or entered into, and all right, title and interest of Trustor thereunder including, without limitation, all rights of Trustor against guarantors thereof, all cash or security deposits, advance rentals, and deposits or payments of similar nature (collectively, the "Leases") all water and water rights flowing through, belonging or in any way appertaining to the Real Property; all rights (but none of the duties) of Trustor as declarant under any presently recorded declaration of covenants, restrictions and restrictions affecting real property and all other rights, royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters; all proceeds of the foregoing, (collectively, the "Real Property" or "Property").

**INDEBTEDNESS.** This Deed of Trust secures the indebtedness made pursuant to a Loan Agreement of even date between Trustor and Beneficiary (the "Loan Agreement"), and evidenced by a Promissory Note in the principal amount of **THREE HUNDRED SEVENTY-FIVE THOUSAND DOLLARS ($375,000.00)** of even date including, without limitation, amounts due under this Deed of Trust, together with the payment of all other sums becoming due and payable to Beneficiary under the documents and instruments evidencing or securing the indebtedness (this Deed of Trust, the Loan Agreement, the Environmental Certificate and Indemnity Agreement and the Promissory Note shall be referred to collectively as the "Loan Documents"), and the performance of all covenants and obligations of Trustor under the Loan Documents, payment of all other obligations owed by the Trustor to Beneficiary that by their terms recite that they are secured by this Deed of Trust, and all modifications, extensions and renewals of any of the obligations secured hereby, however evidenced ("Indebtedness").

**ASSIGNMENT.** Trustor presently assigns to Lender (also known as Beneficiary) all of Trustor's right, title and interest in and to all present and future leases of the Property and all Rents from the Property including all cash or security deposits, advance rentals, percentage rentals and deposits or payments of similar nature. In addition, Trustor grants to Lender a Uniform Commercial Code security interest in the Personal Property and Rents.

Page 1 of 9

THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF EACH OF TRUSTOR'S AGREEMENTS AND OBLIGATIONS UNDER THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND ACCEPTED ON THE FOLLOWING TERMS:

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Trustor shall pay to Lender all amounts secured by this Deed of Trust as they become due and shall strictly and in a timely manner perform all of Trustor's obligations under the Loan Agreement, this Deed of Trust and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.**

**Possession and Use.** Until the occurrence of an Event of Default, Trustor may remain in possession and control of the Property, use, operate or manage the Property and collect the Rents from the Property. Trustor shall comply with all laws and ordinances affecting the property.

**Duty to Maintain.** Trustor shall maintain the Property in good condition and promptly perform all repairs, replacements and maintenance necessary to preserve its value. Trustor shall complete the repair, replacement or maintenance ("repair") within thirty (30) days of learning of the need, whether by notice from Lender, any other lender or any employee or other person; provided, however, if the repair involves health or safety the repair shall be completed within three (3) days. If it is not possible to complete the repair within the time provided, Trustor shall commence the repair within the time provided and will diligently complete it within a reasonable time. Trustor shall not remove or demolish any building or improvement without Lender's written consent. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests as Lender may deem appropriate to determine compliance the terms of this Deed of Trust.

**Hazardous Substances.** Trustor represents and warrants that, except as set forth in the report(s) delivered by Borrower to Lender (the "Report"), the Property never has been and never will be, so long as this Deed of Trust remains a lien on the Property, used for the generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance in violation of any Environmental Laws. Trustor agrees to do whatever is necessary to bring the Property into compliance with the Environmental Laws within a reasonable time. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Trustor hereby (A) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws, and (B) agrees to indemnify and hold harmless Lender against any and all claims and losses resulting from a breach of this paragraph of the Deed of Trust. This obligation to indemnify shall survive the payment of the Indebtedness and the satisfaction of this Deed of Trust and shall be in addition to any separate environmental indemnity agreement executed by Trustor and Guarantor.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare all sums secured by this Deed of Trust immediately due and payable upon the sale or transfer of all or any part of the Real Property or any interest in the Real Property without Lender's prior written consent. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property, whether legal, beneficial or equitable, whether voluntary or involuntary, whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, by any transfer of ownership or control of the Borrower entity which holds legal title or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal or California law.

**TAXES AND LIENS.**

**Payment.** Trustor shall pay when due (and in all events before delinquency) all taxes and assessments, including without limitation sales or use taxes in any state, local privilege or excise taxes based on gross revenues, special taxes charges (including water and sewer), fines and impositions levied against Trustor on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property (collectively, "Charges"). Trustor shall maintain the Property free and clear of all liens having priority over, or of equal priority to, the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due, the Existing Indebtedness referred to by this Deed of Trust and as otherwise provided in this Deed of Trust. Beneficiary shall have the right, but not the duty or obligation, to charge Trustor for any such taxes or assessments in advance of payment. In no event does Beneficiary's failure to exercise this right relieve Trustor from Trustor's obligation under this Deed of Trust or impose any liability whatsoever on Beneficiary.

**Impounds for Taxes and Insurance.** Unless paid as required by an institutional lender which is a holder of a prior mortgage or deed of trust, Borrower shall, until the Note is paid in full and upon request, pay to Lender on the same day monthly payments of principal and/or interest are to be paid under the Note, a sum ("Impounds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) and ground rents on the Property, if any, and any other charge which may attain priority over this Deed of Trust, together with one-twelfth of the yearly premium installments for hazard earthquake insurance and mortgage insurance, if any, (collectively, "the Installments") all as reasonably estimated by Lender, initially and from time to time, on the basis of prior obligations of Borrower or the previous title holder. Borrower shall not be obligated to deposit Impounds with Lender to the extent that Borrower makes such payments as required by an institutional lender which is a holder of a prior mortgage or deed of trust.

If Borrower deposits Impounds with Lender, the Impounds shall be held in an institution, the deposits or accounts of which are insured or guaranteed by a Federal or state agency. Lender shall apply the Impounds to pay taxes, assessments, insurance premiums and ground rents before delinquency or default. Lender may not charge for so holding and applying the Impounds, analyzing the account or verifying and compiling the Installments, unless Lender pays Borrower interest on the Impounds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Impounds shall be paid to Borrower, and unless such an agreement is made or applicable law requires that such interest be paid, Lender shall not be required to pay Borrower any interest or earnings on the Impounds. Lender shall provide to Borrower within a reasonable time after written request, without charge, an annual accounting of the Impounds showing credits and debits to the Impounds and the purpose for each debit to the Impounds. The Impounds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Impounds held by Lender, together with the future monthly installments of Impounds payable before the due dates of the Installments shall exceed the amount required to pay them, such excess shall, at Borrower's option, be either promptly repaid to Borrower or credited to Borrower on monthly installments of Impounds. If the amount of the Impounds held by Lender is not sufficient to pay the Installments as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

At Lender's option, in its sole discretion, Lender may permit Borrower to open an Impound account in Borrower's name and provide to Lender each month on date payment on the Note is due proof of deposit and maintenance of the Impounds.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Impounds held by Lender. If under this Deed of Trust the Property is sold or Lender otherwise acquires the Property, Lender shall, no later than immediately prior to the sale of the Property or its acquisition by Lender, apply any Impounds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust. Lender shall have the right but not the obligation to pay any Installments and Charges which have become a prior lien.

## PROPERTY DAMAGE INSURANCE.

**Maintenance of Insurance.** Trustor shall procure, no less than thirty (30) days before the expiration of the term of a previous policy, and maintain policies of fire insurance with standard extended coverage endorsements on a replacement basis for the full insurable value of all improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may reasonably require. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least thirty (30) days prior written notice to Lender. **Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person.** Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, within 45 days after notice is given by Lender that the Property is located in a special flood hazard area, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to he maximum policy limits set under National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**LENDER'S EXPENDITURES.** If Trustor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances and other Charges, (B) to provide any required insurance on the Property, (C) to maintain and make repairs to the Property or to comply with any obligation to maintain "Existing Indebtedness" (see below) in good standing as required by this Deed of Trust, then Lender

may do so. If any action or proceeding is commenced that would materially affect Lender's Interests in the Property, then Lender, on Trustee's behalf, may, without notice to or demand upon Borrower, take any action that Lender believes to be appropriate to protect Lender's interests. **All expenses incurred or paid by Lender for such purposes will then be treated as a future advance and bear interest at the Default Rate stated in the Promissory Note** of even date with this Deed of Trust, charged from the earlier of the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the indebtedness and, at Lender's option, will be payable on demand; or be added to the balance of the principal of the Promissory Note and be apportioned among and be payable with any installment payments to become due during either the term of any applicable insurance policy or the remaining term of the Loan Agreement, or be treated as a balloon payment which will be due and payable at the maturity of the Indebtedness. Lender shall be subrogated to the claims and liens of all parties whose claims are discharged by Lender's payment.

**WARRANTY; DEFENSE OF TITLE**

**Title.** Trustor warrants that: (A) Trustor holds good and marketable title of record to the Property in fee simple, all free and clear of all liens and encumbrances other than those set forth in the Real Property description or in the Existing Indebtedness section by this Deed of Trust or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender or have otherwise been previously disclosed to and accepted by Lender in writing in connection with this Deed of Trust, and (B) Trustor has the full right, power and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful or unlawful claims of all persons.

**EXISTING INDEBTEDNESS.**

**Existing Lien.** The lien of this Deed of Trust securing the Indebtedness may be secondary and inferior to an existing lien securing an Existing Indebtedness. Trustor expressly covenants and agrees to pay, or see to the payment and performance of the Existing Indebtedness and to prevent any default on such indebtedness, any default under the instruments evidencing such indebtedness, or any default under any security documents for such indebtedness.

**EVENTS OF DEFAULT.** Trustor will be in default under this Deed of Trust if any of the following occurs: (A) Trustor commits fraud or a material misrepresentation at any time in connection with the Indebtedness or this Deed of Trust including, for example, a false statement about Trustor's income, assets, liabilities, or any other aspects of Trustor's financial condition. Trustor is obligated to disclose promptly any changed circumstances which would make any prior representation false. (B) Trustor does not meet the repayment terms of the Promissory note or the Indebtedness. C) Trustor is in breach of any obligation of the Deed of Trust or Promissory Note or Loan Agreement or related document. (D) Trustor's action or inaction adversely affects the collateral or Lender's rights in the collateral by, for example, failure to maintain required insurance, waste or destructive use of the dwelling, failure to pay taxes, death of all persons liable on the account, transfer of the Real Property, creation of a senior lien on the Real Property or personal property secured by this Deed of Trust without Lender's permission, foreclosure by the holder of another senior or junior lien.

**RIGHTS AND REMEDIES ON DEFAULT.** Upon the occurrence of any Event of Default, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy or any one or more of the Projects which constitute the Real Property will not bar Lender from using any other remedy or Project. If Lender decides to spend money or to perform any of Trustor's obligations under this Deed of Trust after Trustor's failure to do so, that decision by Lender will not affect Lender's right to declare Trustor in default and to exercise any one or more of Lender's remedies. Lender shall have the right, in its sole discretion, to accept payment in default of interest at the Note Rate rather than the Default Rate; however, in the event of a later default, Borrower shall immediately pay the difference between the Note Rate and the Default Rate on the prior default.

**Accelerate Indebtedness.** Lender shall have the right at its option without notice to Trustor to declare the entire Indebtedness immediately due and payable.

**Foreclosure.** With respect to all or any part of the Real Property, the Trustee shall have the right to foreclose by notice and sale, and Lender shall have the right to foreclose by judicial foreclosure, in either case, in accordance with and to the full extent provided by applicable law. To the extent permitted by law; Trustor shall be and remain liable for any deficiency remaining after sale, either pursuant to the power of sale or judicial proceedings and Lender may pursue its remedies under any Guaranty or other document.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or by law or in equity or by

other rights and remedies afforded by California law by any means. Lender or Trustee may apply to the court for the appointment of a Receiver to take possession of the Property, operate the business of Trustor being conducted on the Property, utilize and enforce all agreements of Trustor in respect of the operation of such business, the utilization of any such agreement being at the election of Lender or the Receiver, to be exercised at any time after declaration of an Event of Default hereunder, receive the rents of the Property and apply the same to the obligations of Trustor under this Deed of Trust and/or the other Loan Documents and/or any other obligations secured by this Deed of Trust.

**Sale of the Property.** In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Real Property or of any separate parcel or project together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Real Property.

**No Merger.** Unless Lender makes a written election otherwise, no purchase by Lender of any interest in the Property beyond the security interest created by this Deed of Trust shall operate as a merger of the interests of the Lender.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such amount as the court may find reasonable as attorneys' fees at trial and upon appeal together with any court costs . Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that, in Lender's opinion, are necessary at any time for the protection of its interest or in the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Loan Agreement rate or Default Rate, if applicable, from the earlier of the date the expenditure is paid or incurred until repaid. Expenses covered by this paragraph, subject however to any limits under applicable law, include, without limitation, Lender's attorneys' fees and expenses, whether or not Lender brings a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports and appraisal fees, title insurance and fees for the Trustee.

**Default, Nonperformance of Condition or Waiver by Lender.** If Lender defaults in the performance of any obligation of this Deed of Trust, fails to perform any condition or waives any default or non-performance by Borrower, that action shall not be treated as a waiver of any of Lender's rights and shall apply only to the specific obligation, condition or right and not to any later performance by Borrower of that same or any other obligation.

**NONTITLED SPOUSES AND NON-BORROWER GRANTORS.** Any Grantor of Trustor who signs this Deed of Trust, or other security but does not execute the Note or Loan Agreement ("Non-borrower"): (A) is signing only to grant bargain, sell and convey such Non-borrower's interest in the Property under the terms of this Deed of Trust; (B) does not become personally obligated to pay the Indebtedness; and (C) agrees that without such Non-borrower Grantor's or Trustor's consent, Lender and any other Grantor or Trustor may agree to renew, extend, modify, forbear, accept partial payment or make any accommodations with regard to the terms of all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the obligation evidenced by the Promissory Note ("Related Document").

Any spouse of a Grantor or Trustor who is not in title to the Property who signs this Deed of Trust and Assignment of Rents: (D) is signing only to grant, bargain, sell and convey any marital and homestead rights of such spouse in the Property; (E) has not become personally obligated to pay the Indebtedness; and (F) agrees that without such spouse's consent, Lender and any other Grantor or Trustor may agree to renew, extend, modify, forbear, accept partial payments or make any accommodations with regard to the terms of any Related Document, except to the extent that such Non-borrower or spouse has executed any Loan Agreement, Guaranty or other evidence of personal indebtedness.

**MISCELLANEOUS PROVISIONS.**

**Governing Law.** In addition to applicable federal law, this Deed of Trust will be governed by and interpreted in accordance with the laws of the State of California. However, if there ever is a question about whether any provision of this Deed of Trust is valid or enforceable, the provision that is questioned will be governed by whichever state or federal law would find the provision to be valid and enforceable.

**BALLOON PAYMENT. THIS DEED OF TRUST IS SUBJECT TO SECTION 2924i OF THE CALIFORNIA *CIVIL CODE* WHICH PROVIDES THAT THE HOLDER OF THE NOTE SECURED BY THIS DEED OF TRUST SHALL GIVE WRITTEN NOTICE TO THE MAKER OF THE NOTE, OR HIS/HER SUCCESSOR-IN-INTEREST, OF PRESCRIBED INFORMATION AT LEAST NINETY (90) DAYS AND NOT MORE THAN ONE HUNDRED FIFTY (150) DAYS BEFORE THE DATE ON OR BEFORE WHICH THE FINAL PAYMENT IS DUE.**

**Time is of the Essence.** Time is of the essence of the performance of this Deed of Trust.

**This Deed of Trust may be subject to a separate Arbitration Agreement.**

**Waiver of Homestead Exemption.** Trustor hereby releases and waives all rights and benefits of the homestead exemption laws of the State of California as to all indebtedness secured by this Deed of Trust.

**DEFINITIONS.** In addition to the definitions contained in the body of the Deed of Trust, The following words shall have the following meaning when used in this Deed of Trust:

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA "), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto and any other legislation dealing with the same or similar subject matter.

**Existing Lien/Existing Indebtedness.** The terms "Existing Lien" refers to liens which have priority over or equal to the lien of this Deed of Trust; "Existing Indebtedness" refers to the indebtedness secured by the Existing Lien.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes, facilities, additions, replacements and other construction on the Real Property or any other property affixed to the Real Property.

**Indebtedness.** The word "Indebtedness" also includes, for example, all principal, interest, and other amounts, costs and expenses payable under the Promissory Note or Loan Agreement, this Deed of Trust or Related Documents, together with all renewals, extensions, modifications, consolidations and substitutions for those documents and any amounts incurred, expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Loan Agreement.** The term "Loan Agreement" means any loan agreement between Trustor and Lender, together with all renewals, extensions, modifications, refinancings, consolidations and substitutions for the Promissory Note or loan agreement.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property, together with all accessions, parts and additions to, all replacements of, and all substitutions for any of such property together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Personal Property.

**Related Documents.** The term "Related Documents" means all promissory notes, credit agreements, loan agreements, environmental agreements, guaranties, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future rents, revenues, income, issues, royalties, profits, percentage rents and other benefits derived from the Property.

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

Katherine Rush, an unmarried woman

_Katherine Rush_    7/7/18

Borrower    Katherine Rush, an unmarried woman    Date

_____    _____
Borrower    Date

### ACKNOWLEDGMENT

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

State of California

County of Los Angeles

July __1__, 2018, before me, Karla Patricia Garcia, a Notary Public, personally appeared Katherine Rush, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

KARLA PATRICIA GARCIA
Notary Public - California
Los Angeles County
Commission # 2243755
My Comm. Expires May 24, 2022

Page 7 of 9

### REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

| | |
|---|---|
| Signature of Beneficiary (the "LENDER")    Date | Signature of Beneficiary (the "LENDER")    Date |

When recorded, mail to

Att: _____

Exhibit A

Legal Description

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF ANAHEIM, COUNTY OF ORANGE, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

LOT 28 OF TRACT NO. 3168, IN THE CITY OF ANAHEIM, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 103, PAGES 1, 2 AND 3 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

APN: 268-241-78

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1851 East First Street, Suite 1550, Santa Ana, CA  92705**

A true and correct copy of the foregoing document entitled (specify): **PROOF OF CLAIM**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date)
**12/18/19**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David I Brownstein    david@brownsteinfirm.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Amrane (SA) Cohen (TR)    efile@ch13ac.com
- Tom A Moore    attorneymoore@rooseveltlawcenterpc.com, mooretr86189@notify.bestcase.com
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- Valerie Smith    claims@recoverycorp.com
- Alexa P Stephenson    alexa.stephenson@geracilawfirm.com, e.dilts@geracillp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (date) **12/18/19**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or
adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,
postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will
be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| Debtor:<br>Rhonda Moynihan<br>2500 E Sandalwood Court<br>Anaheim, CA 92806 | Judge:<br>Honorable Catherine E. Bauer<br>United States Bankruptcy Court<br>Central District of California<br>Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street, Suite 5165<br>Santa Ana, CA 92701-4593 |

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following
persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal
delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| **12/18/19** | Johnnelle Gomez | _Gomez (signature)_ |
| _Date_ | _Printed Name_ | _Signature_ |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                      **F 9013-3.1.PROOF.SERVICE**

# EXHIBIT 2

# EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| **Thomas A. Moore**<br>**Roosevelt Law Center, PC**<br>**1901 E 4th Street, Suite 310**<br>**Santa Ana, CA 92705**<br>**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**<br>**148698 CA**<br>**attorneymoore@rooseveltlawcenterpc.com**<br><br><br><br><br><br>☐ *Debtor appearing without attorney*<br>■ *Attorney for Debtor* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by Debtor within the last 8 years.<br>In re:<br><br>    **Rhonda Moynlhan** | CASE NUMBER: **8:19-bk-14085-CB**<br><br>CHAPTER 13 |
|---|---|
| | <div align="center">**CHAPTER 13 PLAN**<br>■ Original<br>☐ 1st Amended*<br>☐ 2nd Amended*<br>☐ _____ Amended*<br><br>*list below which sections have been changed:<br>_____<br>[FRBP 3015(b); LBR 3015-1]</div> |
| | **11 U.S.C. SECTION 341(a) CREDITORS' MEETING:**<br>Date:    **11/21/19**<br>Time:    **11:00AM**<br>Address:    **411 W Fourth St., RM 1-154, Santa Ana, CA 92701**<br><br>**PLAN CONFIRMATION HEARING: [LBR 3015-1(d)]**<br>Date:    **12/12/19**<br>Time:    **1:30PM**<br>Address:    **411 W Fourth St., Crtrm 5D, Santa Ana, CA 92701** |
| Debtor(s). | |

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

### Part 1: PRELIMINARY INFORMATION

**TO DEBTOR (the term "Debtor" includes and refers to both spouses as Debtors in a joint bankruptcy case):** This Chapter 13 Plan (Plan) sets out options that may be appropriate in some cases, but the presence of an option in this Plan does not indicate that the option is appropriate, or permissible, in your situation. A Plan that does not comply with local

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                     Page  1                     F3015-1.01.CHAPTER13.PLAN

rules and judicial rulings may not be confirmable. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

~~TO ALL CREDITORS: This Plan is proposed by Debtor and your rights may be affected by this Plan. Your claim may be~~ reduced, modified, or eliminated. You should read this Plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.

**PLEASE NOTE THAT THE PROVISIONS OF THIS PLAN MAY BE MODIFIED BY ORDER OF THE COURT.**

If you oppose this Plan's treatment of your claim or any provision of this Plan, you or your attorney must file a written objection to confirmation of the Plan at least 14 days before the date set for the hearing on confirmation. However, the amounts listed on a proof of claim for an allowed secured or priority claim control over any contrary amounts listed in the Plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See FRBP 3015. In addition, you must file a timely proof of claim in order to be paid under any plan. See LBR 3015-1 and FRBP 3002(a).

Defaults will be cured using the interest rate set forth below in the Plan.

**The following matters may be of particular importance to you:**

*Debtor must check one box on each line to state whether or not this Plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or neither box is checked, the item will be ineffective if set out later as a provision in this Plan.*

- **1.1** **Valuation of property and avoidance of a lien on property of the bankruptcy estate, set out in Class 3B and/or Section IV (11 U.S.C. § 506(a) and (d)):**
  ☐ Included    ■ Not included

- **1.2** **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section IV (11 U.S.C. § 522(f)):**
  ☐ Included    ■ Not included

- **1.3** **Less than full payment of a domestic support obligation that has been assigned to a governmental unit, pursuant to 11 U.S.C. §1322(a)(4). This provision requires that payments in Part 2 Section I.A. be for a term of 60 months:**
  ☐ Included    ■ Not included

- **1.4** **Other Nonstandard Plan provisions, set out in Section IV:**
  ☐ Included    ■ Not included

**ALL CREDITORS ARE REQUIRED TO FILE A PROOF OF CLAIM IN ORDER TO HAVE AN ALLOWED CLAIM, EXCEPT AS PROVIDED IN FRBP 3002(a).** A Debtor whose Plan is confirmed may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

Regardless of whether this Plan treats a claim as secured or unsecured, any lien securing such claim is not avoided other than as provided by law or order of the court.

**Part 2: PLAN TERMS**

Debtor proposes the following Plan terms and makes the following declarations:

**Section I. PLAN PAYMENT AND LENGTH OF PLAN**

- A.  Monthly Plan Payments will begin 30 days from the date the bankruptcy petition was filed. If the payment due date falls on the 29th, 30th, or 31st day of the month, payment is due on the 1st day of the following month (LBR 3015-1(k)(1)(A)).

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                    Page 2                    F3015-1.01.CHAPTER13.PLAN

Payments by Debtor of:

$ __1,650.00__     per month for months __1__     through __60__     totaling $ __99,000.00__     .
For a total plan length of __60__ months totaling $99,000.00.

B.  Nonpriority unsecured claims.

The total amount of estimated non-priority unsecured claims is $4,953.28.

1.  Unless otherwise ordered by the court, after Class 1 through Class 4 creditors are paid, allowed nonpriority unsecured claims that are not separately classified (Class 5) will be paid pro rata per the option checked below. If both options below are checked, the option providing the largest payment will be effective.

a. ☑ "Percentage" plan: __100__% of the total amount of these claims, for an estimated total payment of $4,953.28.

b. ☐ "Residual" plan: The remaining funds, after disbursements have been made to all other creditors provided for in this Plan, estimated to pay a total of $4,953.28 and __100__% to claims in Class 5. The amount distributed to Class 5 claims may be less than the amount specified here depending on the amount of secured and priority claims allowed.

2.  Minimum Plan payments. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least the greater of the following amounts:

(a) the sum of $359,195.28, representing the liquidation value of the estate in a hypothetical Chapter 7 case under 11 U.S.C. § 1325(a)(4), or

(b) if Debtor has above-median income and otherwise subject to 11 U.S.C. § 1325(b), the sum of $_____, representing all disposable income payable for 60 months under the means test.

C.  Income tax refunds. Debtor will provide the Chapter 13 Trustee with a copy of each income tax return filed during the Plan term within 14 days of filing the return and, unless the Plan provides 100% payment to nonpriority unsecured creditors (Class 5), will turn over to the Chapter 13 Trustee all federal and state income tax refunds received for the term of the plan. The Debtor may retain a total of $500 of the sum of the federal and state tax refunds for each tax year. Income tax refunds received by the debtor and turned over to the Chapter 13 Trustee or directly turned over to the Chapter 13 Trustee by the taxing authorities do not decrease the total amount of payments stated in Section I.A., above. The refunds are pledged to the plan in addition to the amounts stated in Section I.A. and can be used by the Chapter 13 Trustee to increase the percentage paid to general unsecured creditors without further order of the Bankruptcy Court.

D.  In the event that secured creditor(s) file a Notice of Postpetition Fees and Costs pursuant to FRBP 3002.1(c), the Chapter 13 Trustee is authorized, but not required, to commence paying those charges 90 days after that notice is filed, unless within that time the Debtor contests those charges by filing a motion to determine payment under FRBP3002.1(e) or agrees to pay those charges by filing a motion to modify this Plan.

E.  Debtor must make preconfirmation adequate protection payments for any creditor that holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in this Plan. Debtor must make preconfirmation adequate protection payments and preconfirmation lease payments to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will accrue beginning the 30th day from the date of filing of the case. The Chapter 13 Trustee must deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured creditor(s) at the next disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                      Page 3                                      F3015-1.01.CHAPTER13.PLAN

Trustee will collect his or her statutory fee on all receipts made for preconfirmation adequate protection payments or preconfirmation lease payments.

F.   Debtor must not incur debt greater than $1,000 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

G.   The Chapter 13 Trustee is authorized to disburse funds after the date the Plan confirmation is announced in open court.

H.   Debtor must file timely all postpetition tax returns and pay timely all postconfirmation tax liabilities directly to the appropriate taxing authorities.

I.   Debtor must pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the bankruptcy petition.

J.   If the Plan proposes to avoid a lien of a creditor, the Chapter 13 Trustee must not disburse any payments to that creditor on that lien until the Plan confirmation order is entered.

K.   Debtor must pay all required ongoing property taxes and insurance premiums for all real and personal property that secures claims paid under the Plan.

**Section II. ORDER OF PAYMENT OF CLAIMS; CLASSIFICATION AND TREATMENT OF CLAIMS:**

Except as otherwise provided in this Plan, the Chapter 13 Trustee must disburse all available funds for the payment of claims as follows:

A.   ORDER OF PAYMENT OF CLAIMS:

**1st**   If there are Domestic Support Obligations, the order of priority will be:

(a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full;

If there are no Domestic Support Obligations, the order of priority will be:

(a) The Chapter 13 Trustee's fee not exceeding the amount accrued on Plan Payments made to date;

(b) Administrative expenses (Class 1(a)) until paid in full.

**2nd**   Subject to the 1st paragraph, *pro rata* to all secured claims and all priority unsecured claims until paid in full except as otherwise provided in this Plan..

**3rd**   Non-priority unsecured creditors will be paid *pro rata* except as otherwise provided in this Plan. No payment will be made on nonpriority unsecured claims until all the above administrative, secured and priority claims have been paid in full unless otherwise provided in this Plan.

**B.   CLASSIFICATION AND TREATMENT OF CLAIMS:**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                                    Page *4*                          **F3015-1.01.CHAPTER13.PLAN**

| CLASS 1 |
|---|

**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

Class 1 claims will be paid in full pro rata. Any treatment that proposes to pay claims in Class 1(a) or 1(b) less than in full must be agreed to in writing by the holder of each such claim and specifically addressed in Section IV.D.

Unless otherwise ordered by the court, the claim amount stated on a proof of claim, and the dollar amount of any allowed administrative expense, controls over any contrary amount listed below.

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE (if any) | TOTAL PAYMENT |
|---|---|---|---|
| a. | Administrative Expenses | | | |
| (1) | Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | |
| (2) | Attorney's Fees | | | |
| (3) | Chapter 7 Trustee's Fees | | | |
| (4) | Other | | | |
| (5) | Other | | | |
| b. | Other Priority Claims | | | |
| (1) | Internal Revenue Service | | | |
| (2) | Franchise Tax Board | | | |
| (3) | Domestic Support Obligation | | | |
| ( ) | Other | | | |
| c. | Domestic Support Obligations that have been assigned to a governmental unit and are not to be paid in full in the Plan pursuant to §1322(a)(4) (this provision requires that payments in Part 2 Section I.A. be for a term of 60 months) | | | |
| | *(specify creditor name):* | | | |
| | | | | |

☐ See attachment for additional claims in Class 1.

| CLASS 2 |
|---|

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES __AFTER__ THE FINAL PLAN PAYMENT IS DUE**

*Check one.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                Page 5                                F3015-1.01.CHAPTER13.PLAN

■ **None.** *If "None" is checked, the rest of this form for Class 2 need not be completed.*

☐ Debtor will maintain and make the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. Unless otherwise ordered by the court, these payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure the prepetition arrearages, if any, on a listed claim through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated.

The arrearage amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | POST-PETITION PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
|  |  |  | % |  |  | Trustee Debtor |

☐ See attachment for additional claims in Class 2.

---

## CLASS 3A

### UNIMPAIRED CLAIMS TO BE PAID DIRECTLY BY DEBTOR

*Check one.*

■ **None.** *If "None" is checked, the rest of this form for Class 3A need not be completed.*

☐ Debtor will make regular payments, including any preconfirmation payments, directly to the following creditors in accordance with the terms of the applicable contract (Include Creditor Name and Last 4 Digits of Account Number):

The claims of these creditors are unimpaired under the plan.

☐ See attachment for additional claims in Class 3A.

---

## CLASS 3B

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE BIFURCATED AND PAID IN FULL DURING THE TERM OF THIS PLAN.

*Check one.*

■ **None.** *If "None" is checked, the rest of this form for Class 3B need not be completed.*

☐ Debtor proposes:

**Bifurcation of Claims - Dollar amounts/lien avoidance.** Except as provided below regarding bifurcation of claims into a secured part and an unsecured part, the claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                      Page 6                          F3015-1.01.CHAPTER13.PLAN

(a) <u>Bifurcated claims - secured parts</u>: Debtor proposes that, for the purposes of distributions under this Plan, the dollar amount of secured claims in this Class 3B should be as set forth in the column headed "Secured Claim Amount." For that dollar amount to be binding on the affected parties, either

    (i) Debtor must obtain a court order granting a motion fixing the dollar amount of the secured claim and/or avoiding the lien, or

    (ii) Debtor must complete and comply with Part 2 Section IV.C., so that the Plan itself serves as such a motion; the "Included" boxes must be checked in Part 1 Paragraphs 1.1 and/or 1.2 (indicating that this Plan includes valuation and lien avoidance, and/or avoidance of a judicial lien or nonpossessory, nonpurchase-money lien in Section IV.C.); and this Plan must be confirmed - if any one of those conditions is not satisfied, then the claim will not be bifurcated into a secured part and an unsecured part pursuant to this sub-paragraph.

(b) <u>Bifurcated claims - unsecured parts</u>: Any allowed claim that exceeds the amount of the secured claim will be treated as a nonpriority unsecured claim in Class 5 below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| | | | | | | |

☐ See attachment for additional claims in Class 3B.

## CLASS 3C

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE TO BE PAID IN FULL DURING THE TERM OF THIS PLAN (WITHOUT BIFURCATION), INCLUDING CURE OF ARREARS, IF APPLICABLE.**

*Check all that apply.*

■ **None.** *If "None" is checked, the rest of this form for Class 3C need not be completed.*

☐ Debtor proposes to treat the claims listed below as fully secured claims on the terms set forth below. These claims will not be bifurcated. The claim amounts listed on a proof of claim control this Plan over any contrary amounts listed below.

### IMPAIRED CLAIMS PAID THROUGH THE PLAN BY THE TRUSTEE

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| | | | | | |

### CURE AND MAINTAIN CLAIMS

☐ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019      Page 7      F3015-1.01.CHAPTER13.PLAN

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|

and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | Cure of Default | | | |
|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE IF ANY | INTEREST RATE | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | ONGOING PAYMENT DISBURSING AGENT |
| | | | | | | Trustee Debtor |

☐ See attachment for additional claims in Class 3C.

## CLASS 3D

### SECURED CLAIMS EXCLUDED FROM 11 U.S.C. §506

*Check one.*

☐ **None.** *If "None" is checked, the rest of this form for Class 3D need not be completed.*

■ The claims listed below were either:

1. Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle   acquired for the personal use of Debtor, or

2. Incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under this Plan with interest at the rate stated below. The claim amount stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | CLAIM TOTAL | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|---|
| Orange County Tax Assessor | xxx4292 | $7,153.65 | 0.00 | $204.39 | $7,153.65 |

☐ See attachment for additional claims in Class 3D.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                      Page 8                          F3015-1.01.CHAPTER13.PLAN

| CLASS 4 |
|---------|

**OTHER CLAIMS ON WHICH THE LAST PAYMENT ON A CLAIM IS DUE
AFTER THE DATE ON WHICH THE FINAL PLAN PAYMENT IS DUE,
WHICH ARE PROVIDED FOR UNDER 11 U.S.C. §1322(b)(5)**

*Check one.*

☐ None. *If "None" is checked, the rest of this form for Class 4 need not be completed.*

■ Debtor will maintain and make the current contractual installment payments (Ongoing Payments) on the secured claims listed below pursuant to the terms of the applicable contract, except as stated otherwise in this Plan. These payments will be disbursed either by the Chapter 13 Trustee or directly by Debtor, as specified below. Debtor will cure and pay the prepetition arrearages, if any, on a claim listed below through disbursements by the Chapter 13 Trustee, with interest, if any, at the rate stated. The dollar amount of arrearage stated on a proof of claim controls over any contrary amount listed below.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT OF ARREARAGE IF ANY | INTEREST RATE | Cure of Default | | ONGOING PAYMENT DISBURSING AGENT |
|---|---|---|---|---|---|---|
| | | | | ESTIMATED MONTHLY PAYMENT ON ARREARAGE | ESTIMATED TOTAL PAYMENTS | |
| Olympia Financial Mortgage Inc | 2500 | $0.00 | 0 | $0.00 | $0.00 | ■ Trustee<br>☐ Debtor |

☐ See attachment for additional claims in Class 4.

| CLASS 5A |
|----------|

**NON-PRIORITY UNSECURED CLAIMS NOT SEPARATELY CLASSIFIED**
Allowed nonpriority unsecured claims not separately classified must be paid pursuant to Section I.B. above.

**SEPARATE CLASSIFICATION:**
*Check all that apply if Debtor proposes any separate classification of nonpriority unsecured claims.*
■ None. *If "None" is checked, the rest of this form for Class 5 need not be completed.*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page 9                          F3015-1.01.CHAPTER13.PLAN

| CLASS 5B |
|---|

☐ **Maintenance of payments.** Debtor will maintain and make the contractual installment payments on the unsecured claims listed below on which the last payment is due after the final Plan payment. The contractual installment payments will be disbursed by Debtor.

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | INTEREST RATE | ESTIMATED MONTHLY PAYMENT | ESTIMATED TOTAL PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |

| CLASS 5C |
|---|

☐ **Other separately classified nonpriority unsecured claims.**

| NAME OF CREDITOR | LAST 4 DIGITS OF ACCOUNT NUMBER | AMOUNT TO BE PAID ON THE CLAIM | INTEREST RATE | ESTIMATED TOTAL AMOUNT OF PAYMENTS |
|---|---|---|---|---|
|  |  |  |  |  |

☐ See attachment for additional claims in Class 5.

| CLASS 6 |
|---|

**SURRENDER OF COLLATERAL**

*Check one.*

■ **None.** *If "None" is checked, the rest of this form for Class 6 need not be completed.*

☐ Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. Debtor requests that upon confirmation of the Plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Class 5 above.

**Creditor Name:**                    **Description:**

☐ See attachment for additional claims in Class 6.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                    Page 10                    F3015-1.01.CHAPTER13.PLAN

## CLASS 7

### EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contracts or unexpired leases not listed below are deemed rejected.

*Check one.*

■ **None.** *If "None" is checked, the rest of this form for Class 7 need not be completed.*

☐ The executory contracts and unexpired leases listed below are treated as specified (*identify the contract or lease at issue and the other party(ies) to the contract or lease*):

**Creditor Name:** _____

**Description:** _____
    ☐ Rejected         ☐ **Assumed; cure amount (if any): $** _____
                    **to be paid over _____ months**

**Creditor Name:** _____

**Description:** _____
    ☐ Rejected         ☐ **Assumed; cure amount (if any): $** _____
                    to be paid over _____ months

    **Payments to be cured within _____ months of filing of the bankruptcy petition. All cure payments will be made through disbursements by the Chapter 13 Trustee.**

☐ See attachment for additional claims in Class 7.

**Section III. PLAN SUMMARY**

| | |
|---|---:|
| **CLASS 1a** | $0.00 |
| **CLASS 1b** | $0.00 |
| **CLASS 1c** | $0.00 |
| **CLASS 2** | $0.00 |
| **CLASS 3B** | $0.00 |

| | |
|---|---:|
| **CLASS 3C** | $0.00 |
| **CLASS 3D** | $7,153.65 |
| **CLASS 4** | $0.00 |
| **CLASS 5A** | $4,953.28 |
| **CLASS 5C** | $0.00 |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*April 2019*                             *Page 11*                          **F3015-1.01.CHAPTER13.PLAN**

| CLASS 7 | $0.00 |
|---|---|
| SUB-TOTAL | $12,106.93 |
| CHAPTER 13 TRUSTEE'S FEE<br>(Estimated 11% unless advised otherwise) | $9,810.60 |
| TOTAL PAYMENT | $88,000.00 |

## Section IV. NON-STANDARD PLAN PROVISIONS

■ **None.** *If "None" is checked, the rest of Section IV need not be completed.*

**Pursuant to FRBP 3015(c), Debtor must set forth all nonstandard Plan provisions in this Plan in this separate Section IV of this Plan and must check off the "Included" box or boxes in Paragraphs 1.1, 1.2, 1.3 and/or 1.4 of Part 1 of this Plan. Any nonstandard Plan provision that does not comply with these requirements is ineffective.** A nonstandard Plan provision means any Plan provision not otherwise included in this mandatory Chapter 13 Plan form, or any Plan provision deviating from this form.

**The nonstandard Plan provisions seeking modification of liens and security interests address only those liens and security interests known to Debtor, and known to be subject to avoidance, and all rights are reserved as to any matters not currently known to Debtor.**

☐ A. Debtor's Intent to File Separate Motion to Value Property Subject to Creditor's Lien or Avoid Creditor's Lien [11 U.S.C. § 506(a) and (d)]. Debtor will file motion(s) to value real or personal property of the bankruptcy estate and/or to avoid a lien pursuant to 11 U.S.C § 506(a) and (d), as specified in **Attachment A.**

☐ B. Debtor's Intent to File Separate Motion to Avoid Creditor's Judicial Lien or Nonpossessory, Nonpurchase Security Interest [11 U.S.C. § 522(f)]. Debtor will file a Motion to avoid a judicial lien or nonpossessory, nonpurchase-money security interest, on real or personal property of the bankruptcy estate located below pursuant to 11 U.S.C § 522(f). If the court enters an order avoiding a lien under 11 U.S.C. § 522(f), the Chapter 13 Trustee will not pay any claim filed based on that lien as a secured claim.

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.,* 2nd lien on 123 Main St.):** _____

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.,* 2nd lien on 123 Main St.):** _____

**Name of Creditor Lienholder/Servicer:** _____

**Description of lien and collateral (*e.g.,* 2nd lien on 123 Main St.):** _____

☐ See attachment for any additional liens and security interests to be avoided by separate 11 U.S.C. § 522(f) motion.

☐ C. Debtor's Request in this Plan to Modify Creditor's Secured Claim and Lien. Debtor proposes to modify the following secured claims and liens in this Plan without a separate motion or adversary proceeding - this Plan will serve as the motion to value the collateral and/or avoid the liens as proposed below. **To use this option, Debtor must serve this Plan, LBR Form F 3015-1.02.NOTICE.341.LIEN.CONFRM and all related exhibits as instructed in that form. Note: Not all Judges will grant motions to value and/or avoid liens through this Plan. Please consult the specific Judge's Instructions/Procedures on the court's website for more information.**

## DEBTOR'S REQUEST TO MODIFY CREDITOR'S SECURED CLAIM AND LIEN

TO CREDITOR LIENHOLDER/SERVICER _____

☐    Real property collateral (street address and/or legal description or document recording number, including county of recording): _____

*(attach page with legal description of property or document recording number as appropriate).*

☐    Other collateral (*add description such as judgment date, date and place of lien recording, book and page number*): _____

☐    11 U.S.C. § 522(f) – Debtor seeks avoidance of your lien(s) on the above described collateral effective immediately upon issuance of the order confirming this Plan.

☐    11 U.S.C. § 506(a) and (d) – Debtor seeks avoidance of your lien(s) on the above described collateral that will be effective upon the earliest to occur of either payment of the underlying debt determined under nonbankruptcy law or one of the following:

(1) discharge under 11 U.S.C. § 1328, or

(2) Upon completion of all Plan payments.

Value of collateral: ............................................................................................... $ _____
Liens reducing equity (to which subject lien can attach): $ _____ + $ ____ + $ ____ = .. ($ _____ )
Exemption (only applicable for lien avoidance under 11 U.S.C. § 522(f)):................................ ($ _____ )

**Wherefore, Debtor requests that this court issue an order granting the foregoing property valuation and/or lien avoidance of the above-listed creditor on the above-described collateral in the form Attachment B, C and/or D to this Plan, as applicable. (*Debtor must use and attach a separate Attachment B, C and/or D which are also mandatory court forms for modification of each secured claim and lien.*)**

Amount of remaining secured claim (negative results should be listed as $-0-): ........................... $ _____

*Note*: See other parts of this Plan for the proposed treatment of any remaining secured claim (generally Class 3).

☐ See attachment(s) for additional request(s) to modify secured claims and liens by this Plan.

### D. Other Non-Standard Plan Provisions (*use attachment, if necessary*):

## V. REVESTING OF PROPERTY

Property of the bankruptcy estate will not revest in Debtor until a discharge is granted or the case is dismissed or closed without discharge. Revesting will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under Chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law. After confirmation of this Plan, the Chapter 13 Trustee will not have any further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the LBRs. Prior to any discharge or dismissal, Debtor must seek approval of the court to purchase, sell, or refinance real property.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                       Page 13                                       **F3015-1.01.CHAPTER13.PLAN**

By filing this document, the Attorney for Debtor, or Debtor if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Plan are identical to those contained in the Central District of California Chapter 13 Plan other than any nonstandard Plan provisions included in Section IV.

Date:    October 30, 2019                              /s/ THOMAS A. MOORE

                                                       Thomas A. Moore
                                                       Attorney for Debtor

                                                       Rhonda Moynihan
                                                       Debtor 1

                                                       _____
                                                       Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                              Page 14                              F3015-1.01.CHAPTER13.PLAN

## ATTACHMENT A to Chapter 13 Plan/Confirmation Order
### (11 U.S.C. §§ 506: valuation/lien avoidance by separate motion(s))

■ **None.** *If "None" is checked, the rest of this Attachment A need non be completed.*

1. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 2nd Lien on 123 Main
   St.): _____

2. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 3rd Lien on 123 Main St.): _____

3. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 4th Lien on 123 Main St.): _____

4. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 2nd Lien on 456 Broadway): _____

5. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 3rd Lien on 456 Broadway): _____

6. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 4th Lien on 456 Broadway): _____

7. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 2nd Lien on 789 Crest Ave.): _____

8. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 3rd Lien on 789 Crest Ave.): _____

9. **Creditor Lienholder/Servicer:** _____
   **Subject Lien** (*e.g.*, 4th Lien on 789 Crest Ave.): _____

*(Attach additional pages for more liens/provisions.)*

**CERTIFICATION:** I have prepared this attachment (including any additional pages) for use by the Chapter 13 Trustee. I certify under penalty of perjury under the laws of the United States of America that the information provided in this attachment is accurate to the best of my knowledge after reasonable inquiry, and I acknowledge that the Chapter 13 Trustee has no duty to verify the accuracy of that information.

Executed on (date)   **October 30, 2019**

Printed name:   **Thomas A. Moore**          Signature:   /S/ THOMAS A. MOORE
■ Attorney for Debtor or     ☐ Debtor appearing without attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                    Page 15                    F3015-1.01.CHAPTER13.PLAN

Case 8:19-bk-14085-CB    Doc 23    Filed 10/30/19    Entered 10/30/19 15:08:57    Desc
                     Main Document    Page 16 of 16

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

April 2019                                    Page 16                          F3015-1.01.CHAPTER13.PLAN

# EXHIBIT 3

# EXHIBIT 3

# GOLDEN WEST ESCROW, INC.

807 N. Central Avenue
Glendale, CA 91203

Phone: (818) 409-9291
Fax: (818) 265-9512

### BORROWER'S FINAL SETTLEMENT STATEMENT

| | | | |
|---|---|---|---|
| **PROPERTY:** | 2500 East Sandalwood Court<br>Anaheim, CA 92806 | **DATE:** | July 23, 2018 |
| | | **CLOSING/RECORD**<br>**DATE:** | July 20, 2018 |
| | | **DISBURSEMENT DATE:** | July 20, 2018 |
| **BORROWER:** | Katherine Rush | **ESCROW NO.:** | 18-014111-CH |

| | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| New 1st Trust Deed - Beata Kulish | | 375,000.00 |
| | | |
| **PAYOFF CHARGES - Franchise Tax Board** | | |
| **[Total Payoff $2,319.16]** | | |
| Principal Balance | 2,319.16 | |
| | | |
| **PAYOFF CHARGES - Employment Development Department** | | |
| **[Total Payoff $2,885.31]** | | |
| Principal Balance | 2,878.99 | |
| Interest on Principal Balance from 07/20/2018 to 07/27/2018 | 6.32 | |
| | | |
| **PAYOFF CHARGES - SCHOOLS FIRST FEDERAL CREDIT**<br>**UNION** | | |
| **[Total Payoff $59,852.37]** | | |
| Principal Balance | 59,409.29 | |
| Interest on Principal Balance at $11.9600/day from 07/01/2018 to<br>07/23/2018 | 275.08 | |
| Recording Costs | 168.00 | |
| | | |
| **PAYOFF CHARGES - Franchise Tax Board** | | |
| **[Total Payoff $2,292.39]** | | |
| Principal Balance | 2,292.39 | |
| | | |
| **LOAN INFORMATION - Beata Kulish** | | |
| **[Charges $30,014.28]** | | |
| Origination Charge to Olympia Financia Mortgage, Inc. | 24,375.00 | |
| Document Fee to Olympia Financia Mortgage, Inc. | 1,000.00 | |
| Processing Fee to Olympia Financia Mortgage, Inc. | 1,695.00 | |
| Admin Fee to Olympia Financia Mortgage, Inc. | 1,000.00 | |
| Underwriting Fee to Olympia Financia Mortgage, Inc. | 595.00 | |
| Wire Fee to Olympia Financia Mortgage, Inc. (Trust Account) | 90.00 | |
| Interest at $109.38/day from 7/20/2018 to to Olympia Financia<br>Mortgage, Inc. (Trust Account) | 1,203.18 | |
| Interest at $5.1000/day from 07/20/2018 to 08/01/2018 to Olympia<br>Financia Mortgage, Inc. (Trust Account) | 56.10 | |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| Farmers Insurance for Homeowner's Insurance | 1,167.97 | |
| Golden West Escrow, Inc. General Account for Reimbursement of<br>Satisfaction of Judgmnet paid by C.C. | 3.00 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES - FIDELITY NATIONAL**<br>**TITLE** | | |
| Title - Lender's Title Insurance | 900.00 | |
| Title - Document Transport Fee | 23.09 | |
| Title - Sub Escrow Fee | 90.00 | |
| Recording Grant Deed | 9.00 | |
| Recording Trust Deed | 42.00 | |
| Recording Quitclaim Deed | 9.00 | |
| Recording Service Fee | 14.00 | |
| SB2 Recording Fees | 225.00 | |
| | | |
| **ESCROW CHARGES - Golden West Escrow, Inc.** | | |
| Title - Escrow Fee | 750.00 | |
| Title - Wire Fee | 75.00 | |

Date:  July 23, 2018                                        Escrow No.:  18-014111-CH

Page 2 of 2:

|  | DEBITS | CREDITS |
|---|---|---|
| Title - Document Transport Fee | 50.00 |  |
| Title - E-Doc processing fee | 50.00 |  |
| Title - Notary/Signing Fee | 350.00 |  |
| **Total Refund** | 273,873.43 |  |

Certified to be a true and correct
copy of document
on file at Golden West Escrow, Inc.

$   375,000.00       $   375,000.00

By: _____

Golden West Escrow    **SAVE THIS STATEMENT FOR INCOME TAX PURPOSES**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**1851 East First Street, Suite 1550, Santa Ana, CA 92705**

A true and correct copy of the foregoing document entitled (*specify*): _____
**DECLARATION OF RICHARD J. REYNOLDS IN SUPPORT OF SUPPLEMENTAL OBJECTION TO CHAPTER 13 PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **1/17/20**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- David I Brownstein    david@brownsteinfirm.com
- Frank Cadigan    frank.cadigan@usdoj.gov
- Amrane (SA) Cohen (TR)    efile@ch13ac.com
- Sheri Kanesaka    sheri.kanesaka@fnf.com, Christine.hipp@fnf.com
- Tom A Moore    attorneymoore@rooseveltlawcenterpc.com, mooretr86189@notify.bestcase.com
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com, tmurphy@bwslaw.com, rjr-nef@bwslaw.com, fcabezas@bwslaw.com, jgomez@bwslaw.com
- Valerie Smith    claims@recoverycorp.com
- Alexa P Stephenson    alexa.stephenson@geracilawfirm.com, e.dilts@geracillp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **1/17/20**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| Debtor: | Judge: |
|---|---|
| Rhonda Moynihan<br>2500 E Sandalwood Court<br>Anaheim, CA 92806 | Honorable Catherine E. Bauer<br>United States Bankruptcy Court<br>Central District of California<br>Ronald Reagan Federal Building and Courthouse<br>411 West Fourth Street, Suite 5165<br>Santa Ana, CA 92701-4593 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/17/20 | Tahira Murphy | *[signature]* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.